UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tyrone Noel Nunn, | Case No.: 2:24-cv-01844-APG-BNW |
| Plaintiff | **Order** |
| v. | |
| Ely State Prison, et al., | |
| Defendants | |

Plaintiff Tyrone Nunn brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. ECF No. 1-1.  On October 3, 2024, the magistrate judge ordered Nunn to file a fully complete application to proceed in forma pauperis (IFP) or pay the full $405 filing fee for a civil action on or before October 24, 2024. ECF No. 3.  The magistrate judge warned Nunn that the action could be dismissed if he failed to timely comply. *Id.*  That deadline expired without Nunn paying the full filing fee or filing a complete IFP application.  Rather, Nunn filed two documents titled "in forma pauperis" that state simply "28 U.S.C. § 1915a." ECF Nos. 4, 5.

**I.     Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and

further squanders the court's finite resources.  Nunn has filed over 80 pro se lawsuits in this district since July 2023.[1]  Dozens of these lawsuits have been dismissed because, like here, Nunn failed to correct fundamental defects with them despite being ordered to do so.  *See, e.g.*, *Nunn v. Dep't of Corr.*, Case No. 3:24-cv-00050-ART-CLB, ECF No. 4 (D. Nev. Nov. 20, 2024) (collecting cases).  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

## II.    Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  It is therefore ordered that this action is dismissed without prejudice based on Tyrone Nunn's failure to file a complete application to proceed in forma pauperis or pay the full $405 filing fee in compliance with the magistrate judge's October 3, 2024, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or file a complete application to proceed in forma pauperis.

Dated: January 16, 2025

_____
Chief United States District Judge

---

[1] I take judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.